**TYACK, Plaintiff-Appellant, v. TIPTON, Defendant-Appellee, and REESE et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4533.   Decided September 25, 1951.

398

George E. Tyack, Irving M. Gertner, Columbus, for plaintiff-appellant and defendants-appellants.
Orville R. Carson, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Probate Court decreeing that Oscar U. Tipton, surviving spouse of plaintiff's decedent, is entitled to the exemption as provided by §10509-54 GC. The judgment entry also found that,

"Oscar U. Tipton having been found guilty of murder in the second degree is precluded by §10503-17 GC from participating in the estate of the deceased as an heir."

The appeal is noted by the administrator and the defendants, Mildred Pauline Reese and Otilda Susan DeAtley, children of deceased. Appellee, Oscar U. Tipton, urged in the trial court and argues here that he is entitled to his full right to take as relict of decedent under the statute of descent and distribution as well as under the exemption provisions of §10509-54 GC.

Inasmuch as the judgment entry consists of two separate and distinct findings, one of which is favorable and the other unfavorable to appellee, he may not urge in this court on the appeal, which is on questions of law, the claimed error of the trial court for the reason that he prosecuted no cross-appeal nor has he filed any assignment of errors under §12223-21a GC. This principle is not disturbed by the case cited by appellee. **R. K. O. Distributing Corp. v. Film Center Realty Co., 53 Oh Ap 438.**

The material facts appearing are that Hilda M. Tipton died

on or about June 10, 1949, intestate, a resident of Franklin County, Ohio; that Oscar U. Tipton was the husband of Hilda M. Tipton in her lifetime; that he was indicted and arraigned upon a charge of first degree murder and that thereafter, on or about September 29, 1949, he entered a plea of guilty to the charge of second degree murder and was sentenced to the Ohio Penitentiary for life in which institution he was confined at the time of the trial. It further appears that in September, 1944, upon an affidavit filed by his wife, he was committed to the State Hospital as mentally ill by the Probate Court of Franklin County, Ohio, that he was never discharged as cured by the hospital's doctors but that after a second trial visit extending over a period of about one year the State Hospital released him. It further appears that in the proceedings incident to his plea of guilty to murder he was represented by legal counsel.

The one question presented by this appeal is whether or not the Probate Judge erred, in view of the conviction of Oscar U. Tipton of murder in the second degree in killing his wife, plaintiff's decedent, in holding that he was entitled to the exemption provided by §10509-54 GC.

The section of the Code §10503-17 GC by which appellants claim the appellee is barred from receiving any benefit from any property, real or personal, of which plaintiff decedent died possessed reads:

"No person finally adjudged guilty, either as principal or accessory, of murder in the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person; nor shall such person inherit or take any real or personal estate of any other person as to which such homicide terminated an intermediate estate, or hastened the time of enjoyment. With respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though he had preceded in death the person killed."

Appellants, among other things, urge that the last sentence of the section should be given application here and that for the purpose of determining whether or not appellee shall take under §10509-54 GC, he shall be considered as though he had preceded in death the person killed and that therefore he could not be considered as a surviving spouse of decedent. The weakness in this contention is that the last sentence of the section applies only to an inheritance from or participa-

tion under the will of the person killed. Here the person killed died intestate and her husband took no inheritance from and enjoyed no participation under a will.

The right of the appellee to the exempted property must be determined by the language of the quoted section and not by any rule of common law. Boyer v. Emerson, et al. (Ia.) 183 N. W. 327; 6th and 7th Syl. **Deem v. Risinger, 53 Oh St 668;** Deem v. Millikin, 6 O. C. C. 357. Its interpretation, of course, must be approached with the commonly accepted purpose that it was intended to preclude one who had murdered another from sharing in the property of which that other died possessed. But, if the language employed in the section is clear and unmistakable no rule of construction will permit of any other or different interpretation. **Woodbury Co. v. Beery, 18 Oh St 456; Bruner v. Briggs, 39 Oh St 478.** Had the section ended with this language "no person finally adjudged guilty, * * * of murder in the first or second degree shall be entitled to inherit or take any part of the real or personal property of the person killed," the appellant's contention in this Court would be sustained but the section continues defining what is meant by taking any part of the real or personal estate, "whether under the provisions of this act relating to intestate succession, or as devisee or legatee, or otherwise under the will of such person." As we have heretofore indicated there could have been no taking here as devisee or legatee or otherwise under the will nor is there any taking "under the provisions of this act relating to intestate succession."

That portion of the code relating to intestate succession is found in §10503-1 to 10503-30 inclusive, **GC,** of which §10503-17 **GC** is a part.

The section under which it was held that appellee was entitled to receive certain personal property, as exempt, §10509-54 **GC,** is in another part of the Code which does not define or relate to intestate succession and specifically provides that the property therein described "shall not be deemed assets or administered as such."

It has been held that the exempt property set off to a surviving spouse under §10509-54 **GC** is to be deducted before a determination of the share of the estate to be taken by the widow under the statute of descent and distribution. **Davidson v. The Miners & Mechanics Savings & Trust Co., Exr., 120 Oh St 418.** That is to say, that the property passing by the section does not come to the surviving spouse by intestate succession, i. e., under the statute of descent and distribution, nor do the heirs, devisees or legatees share in any

particular in the exempted property. **McDonald v. McDonald, 5 O. O. 132.**

Judge McClelland, in entering the judgment in this case, relied upon his own opinion in **Egelhoff, Guardian, v. Presler, Admx., 32 O. O. 252,** with which opinion we are in accord. The judgment is sustained by the weight of authority. Annotation to Spangler v. Tyler, dec'd., 51 A. L. R. 1096, although the case to which the note is appended supports the claim of appellants here. See particularly page 1094.

As the statute, **§10503-17 GC,** does not by our interpretation and that of the Probate Court completely bar a convicted murderer from sharing any benefit from any property, real or personal, owned by the deceased person at his death, if we are correct, the remedy, if it is desired to make the section more drastic, is with the Legislature and not with the Courts.

We have heretofore indicated that upon the appeal as perfected, the appellee may not urge error in the trial court in denying him the right to take of the estate of decedent by virtue of the statute of descent and distribution. However, both parties in their brief have discussed the effect of the insanity of the appellee upon the judgment of conviction upon his plea of guilty of murder in the second degree.

Appellee urges that because of appellee's former insanity, the judgment is void but, if not, that legal insanity which is necessary to maintain such a defense in a criminal case is different from medical insanity from which it may have been concluded that the defendant was suffering when adjudged to be guilty in the criminal proceeding.

In our judgment, the conviction of the defendant upon his plea of guilty may not be challenged in this proceeding for two reasons: First, it must be presumed that the judgment in the criminal cause is valid until the contrary appears. The defendant was represented by legal counsel and it must be assumed that if a defense of insanity could have been made it would have been urged. Second, the applicable section of **§10503-17 GC** makes no exception as to its application to a person finally adjudged guilty of murder in the first and second degree. Thus, the only insanity defense which would preclude the operation of the statute would be such a defense as is contemplated at law. Failing the assertion of such defense when opportunity was afforded to assert it, it is too late at this juncture to urge it.

The judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.